|  |  |
|---|---|
| | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE CORTES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, L.L.C.,<br><br>Defendant. | No. 2:16-cv-00823-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Mike Cortes ("Plaintiff") alleges that Defendant National Credit Adjusters, L.L.C. ("Defendant"), a debt collector as defined by 15 U.S.C. § 1692a, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.[1] Plaintiff asserts he never consented—in writing or otherwise—to receive autodialed or prerecorded telephone calls from Defendant, and that he instructed Defendant to stop calling him at his cellular telephone number but Defendant continued to do so. Defendant has failed to respond in this matter and default has been entered by the Clerk

---

[1] As set forth in Plaintiff's moving papers, Plaintiff seeks default judgment only with regard to the TCPA claims (Counts 1 and 2), and seeks certification of a class based on the TCPA.

1

of Court.  Clerk's Entry of Default, ECF No. 6.  Presently before the Court is Plaintiff's Motion for Class Certification (ECF No. 7) and Motion for Default Judgment (ECF No. 8).  Plaintiff seeks to certify a class of members who were similarly called by Defendant without their consent.  Assuming the class is certified, Plaintiff then seeks a default judgment on the TCPA claims, which judgment will apply to the entire class.  For the reasons set forth below, Plaintiff's Motion for Class Certification, ECF No. 7, is GRANTED and Plaintiff's Motion for Default Judgment, ECF No. 8, is GRANTED with respect to TCPA liability.  The Court HOLDS IN ABEYANCE the issue of damages until after discovery has been conducted.[2]

## BACKGROUND[3]

According to the Complaint, Plaintiff Cortes began receiving autodialed or prerecorded telephone calls from Defendant via an automatic telephone dialing system ("ATDS") without ever having previous contact with Defendant.  Plaintiff never consented, in writing or otherwise, to these "robocalls," as is required by the TCPA before a debt collector such as Defendant may initiate automated telephone solicitations.  The TCPA restricts such calls on grounds they pose a greater nuisance and invasion of privacy than live solicitation calls, and are also costly and inconvenient.  Plaintiff instructed Defendant to stop calling him at his cellular telephone number, but Defendant continued to call him.  Plaintiff alleges that some calls were even made before 8:00 a.m.  When it called, Defendant informed Plaintiff that it was attempting to collect a consumer debt.  Cortes asserts that as a result of Defendant's violations of the TCPA, he and each member of the proposed class are entitled to $500.00 in statutory damages for each and every call made in violation of the TCPA.  Plaintiff further claims that due to Defendant's

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] The following recitation of facts is taken, at times verbatim, from Plaintiff's Complaint, ECF No. 1.

2

willful and/or knowing violations of the TCPA, he and each member of the proposed class are entitled to treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA.

Plaintiff filed his Complaint on April 20, 2016. Defendant has not filed an Answer or otherwise responded to the Complaint. By the present motion, Plaintiff seeks to certify a class of persons (1) who have received prerecorded or artificial calls, or calls from an ATDS, on their cellphones from Defendant at any point from April 21, 2012, to the date on which default judgment is entered; and (2) who are current or former subscribers of the PrivacyStar, Metro Block-It, Metro Name-ID, CallWatch, or Call Detector cellphone applications (collectively the "Call Management Applications" or "CMAs"). Mot. Class Cert. at 1. Moreover, because Defendant has failed to answer Plaintiff's Complaint, Plaintiff filed a Request for Entry of Default on June 8, 2016 (ECF No. 5), and default was thereafter entered. Plaintiff now seeks default judgment with respect to the entire purported class (ECF No. 8), once the Court certifies that class.

## STANDARD

### A. Class Certification

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met. See Fed. R. Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. Id. at 1233. While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001).

///

3

| | |
|---|---|
| 1 | Rule 23(a) provides four prerequisites that must be satisfied for class certification: |
| 2 | (1) the class must be so numerous that joinder of all members is impracticable, |
| 3 | (2) questions of law or fact exist that are common to the class, (3) the claims or defenses |
| 4 | of the representative parties are typical of the claims or defenses of the class, and |
| 5 | (4) the representative parties will fairly and adequately protect the interests of the class. |
| 6 | See Fed. R. Civ. P. 23(a). Rule 23(b) requires a plaintiff to establish one of the |
| 7 | following: (1) that there is a risk of substantial prejudice from separate actions; (2) that |
| 8 | declaratory or injunctive relief benefitting the class as a whole would be appropriate; or |
| 9 | (3) that common questions of law or fact predominate and the class action is superior to |
| 10 | other available methods of adjudication. See Fed. R. Civ. P. 23(b). |

**B.     Default Judgment**

The starting point for considering whether to grant a motion for entry of default judgment is the general rule that default judgments are ordinarily disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). Cases should be decided upon their merits whenever reasonably possible. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). In addition, whether to grant a motion for default judgment is within the Court's discretion. Eitel, 782 F.2d at 1472. The Ninth Circuit has set forth factors which may be considered in exercising this discretion: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Id.

///
///
///
///
///

**ANALYSIS**

**A.     Overview**

As pointed out in Plaintiff's brief, this case is very similar to Whitaker v. Bennett Law, PLLC, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014), and this Court is in agreement with Whitaker's reasoning and conclusion. As explained in Whitaker, "entry of default does not alter the Court's analysis for class certification. Certification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages. . . . [and] relief cannot be granted to a class before an order has been entered determining that class treatment is proper. In cases in which the district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages." 2014 WL 5454398, at *3 (internal citations and quotation marks omitted). Here, as in Whitaker, Defendant has defaulted, but the Court has not yet entered default judgment against it. The Court, therefore, considers the pending motion for class certification first before proceeding to Plaintiff's motion for default judgment.

"The dual purpose of Rule 23 is: (1) to promote judicial economy through the resolution of multiple claims in a single action; and (2) to provide persons with smaller claims, who would otherwise be economically precluded from doing so, the opportunity to assert their rights." Whitaker, 2014 WL 5454398, at *3 (citing O'Connor v. Boeing North American, Inc., 180 F.R.D. 359, 366 (C.D. Cal. 1997)).

> These interests are in close alignment with actions brought under the TCPA. Consistent with the facts in the present case, TCPA violations may easily result in many potential claimants, while the amount recoverable by each individual plaintiff may be relatively small. Accordingly, there are many examples of recent cases which have certified class actions brought under the TCPA.

Id. (citing Karen S. Little, L.L.C. v. Drury Inns, Inc., 306 S.W.3d 577, 584 n. 5 (Mo. Ct. App. 2010) (noting that as of 2010, over fifty courts had certified TCPA class actions as appropriate under Rule 23); Myer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036

(9th Cir. 2012) (certifying a class under the TCPA, with facts similar to the present putative class)).

Plaintiff Cortes's class definition is as follows:

> All persons within the United States who (a) are current or former subscribers of the Call Management Applications; (b) and received one or more calls; (c) on his or her cellular telephone line; (d) made by or on behalf of Defendant; (e) for whom Defendant had no record of prior express written consent; (f) and such phone call was made with the use of an artificial or prerecorded voice or with the use of an automatic telephone dialing system as defined under the TCPA; (g) at any point that begins April 21, 2012 to the date that default judgment is entered.

Mot. Class Cert. at 1, ECF No. 7. Under the following Rule 23 analysis, the Court finds Plaintiff's proposed class definition "to be adequately defined and sufficiently ascertainable because it provides the objective criteria needed to determine the members of the class." See Whitaker, 2014 WL 5454398, at *4. Plaintiff has shown a reasonable basis to believe that a class exists and that the class could be specifically determined via CMA records. See Rateliff Decl. at ¶¶ 2-3, ECF No. 7-3.

### B. The Putative Class Satisfies All Four Requirements of Rule 23(a)

#### 1. Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. See Fed. R. Civ. P. 23(a)(1). Moreover, "the class must be adequately defined and clearly ascertainable . . . [b]ut the class need not be so ascertainable that every potential member be identified at the commencement of the action. As long as the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist." Whitaker, 2014 WL 5454398, at *4 (internal citations and quotation marks omitted).

Plaintiff's putative class satisfies the Rule 23(a)(1) requirement because there is a clearly defined guide for class membership, the members of the class are thus determinable, and there is sufficient evidence to show that the class is of a size that joinder of all members would be impracticable. See Fed. R. Civ. P. 23(a)(1); See also

O'Connor, 180 F.R.D. at 367. The CMAs automatically record the time, duration, and date of each incoming call to a user's cellular telephone from known or suspected debt collectors and telemarketers. Rateliff Decl. at ¶¶ 2-3. The CMAs therefore have a record of all calls from Defendant to potential class members across the country and can in that way identify the members of the putative class. In the four-year period between April 21, 2012 and when the Complaint was filed on April 20, 2016, review of the CMA records showed that 1,176 former or current CMA subscribers received one or more calls on their cellular phones from numbers associated with Defendant in the CMA systems. Id. at ¶ 6. Plaintiff has thus established that numerous potential class members exist. See Newberg on Class Actions, No Strict Numerosity Threshold § 3:12 (5th ed. 2011) ("As a general guideline, however, . . . a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone."); see also Whitaker, 2014 WL 5454398 (holding a plaintiff is able to establish numerosity even when all the information needed to identify class members is speculative).

### 2. Commonality

Under Rule 23(a)(2), Plaintiff must demonstrate that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). But "[a]ll questions of fact and law need not be common to satisfy this rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) (quoted by Whitaker, 2014 WL 5454398, at *5). The Supreme Court has noted that in addition to raising common questions, plaintiffs must ever more importantly demonstrate "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." Wal–Mart Stores, Inc. v. Dukes et al., 131 S. Ct. 2541, 2551 (2011) (cited by Whitaker, 2014 WL 5454398, at *5).

As discussed in Whitaker, "[t]he TCPA provides a cause of action for cellular telephone owners who receive unsolicited, automated phone calls, resulting in unwanted charges to their accounts." 2014 WL 5454398, at *5 (citing 47 U.S.C. § 227(b)(1)). The

relevant inquiries in a case brought under the TCPA are thus: (1) whether Defendant used an autodialing system or prerecorded or artificial voice message; (2) whether Defendant had prior express consent; (3) whether the calls were made for emergency purposes; and (4) whether Defendant's conduct was willful or negligent. See id. Of these inquiries, "[t]he core issue to be resolved is whether . . . [Defendant] used an autodialing system or prerecorded or artificial voice message to make unsolicited calls. This issue is common to all putative class members, and its resolution is central to the validity of each of their claims." Id. The individualized issues of consent, emergency purpose, and intent as to each specific class member, do not destroy that commonality. Id. (internal citation omitted).

### 3. Typicality

Rule 23(a)(3) requires that "the claims and defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). As noted in Plaintiff's brief, the typicality requirement is "permissive" and requires only that the representative's claims are "reasonably coextensive with those of the absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. Here, it appears that "each putative class member's claim revolves exclusively around Defendant's conduct as it specifically relates to the alleged violations of the TCPA," and the Court thus finds that Plaintiff's claims are typical of the claims of the putative class. Whitaker, 2014 WL 5454398, at *5.

### 4. Adequacy

"Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020 (quoted by Whitaker, 2014 WL 5454398, at *5). Plaintiff argues that in the present case, "Plaintiff is an adequate representative because he is a member of the Class he seeks to represent, he shares the same claims and interests in obtaining relief as all other Class members, and he has no conflicts of

8

interest with other Class members." The Court has no reason to believe otherwise, and thus finds that Plaintiff adequately represents the purported class.

As for counsel, Rule 23(g) lists four factors for consideration: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions or other complex litigation and the type of claims in the litigation; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g). It appears to the Court that counsel has adequately investigated the potential claims in this action and represents in its motion that it will "continue to vigorously prosecute this action." Cert. Mot. at 10. Plaintiff's counsel has also provided adequate support showing that it is competent and experienced in dealing with a variety of class actions. See Krivoshey Decl. Ex. 4. Accordingly, the Court finds counsel to be adequate.

### C. The Putative Class Satisfies Both Requirements of Rule 23(b)(3)

#### 1. Predominance

"The predominance inquiry focuses on the relationship between the common and individual issues and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Whitaker, 2014 WL 5454398, at *6 (quoting Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 944 (9th Cir. 2009)). As in Whitaker, the

> claims brought by [Plaintiff's] putative class are unified under one narrow statute with explicit confines defining both liability and available damages. The central issue of [Defendant's] liability is whether or not they placed unsolicited, automated calls to the putative class member's cellular telephones, which predominates over the subsequent issues of intent and the existence or nonexistence of prior express consent with each individual call.

Id. (citing U.S.C. § 227(b)(1)). As such, any individualized factual questions are predominated by the common question of Defendant's general TCPA liability. See Id.

#### 2. Superiority

To satisfy the superiority prong, Plaintiff must "demonstrate that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Id. at *7 (internal citations and quotation marks omitted).  Given the numerous potential plaintiffs in this action and the common issue of TCPA liability as to the single common defendant, "a class action is the most efficient vehicle to achieve an opportunity for classwide recovery while minimizing the economic burden on Plaintiff's putative class and promoting judicial economy."  Id.  Indeed, absent a class action, most class members in this case would not recover at all because it would not be economically feasible for each individual to pursue independent litigation.  Accordingly, Plaintiff has satisfied the Rule 23(b)(3) superiority requirement.

### D. Default Judgment

Defendant has failed to appear in this action, the Clerk has entered default, and the Court has now certified the class in this matter.  The Court will thus now consider Plaintiff's pending motion for default judgment on Defendant's TCPA liability.

The summons and complaint were served on Defendant by personal service on April 21, 2016 (ECF No. 2); however, Defendant has failed to answer or otherwise appear in the action.  Defendant has also failed to respond to Plaintiff's Request for Entry of Default, which was served on June 8, 2016.  ECF No. 5.  Default was entered against Defendant on June 8, 2016.  ECF No. 6.  Therefore, the Court finds Plaintiff has satisfied the procedural requirements to obtain a default judgment by showing that Defendant was properly served with process and is not a minor, incompetent, or in military service.

The Court now turns to consideration of the Eitel factors:  (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel, 782 F.2d at 1472.  As noted above, this case is very similar to Whitaker v. Bennett Law, PLLC, 2015 WL 12434306, and this Court is again in agreement with Whitaker's reasoning and conclusion.  As in Whitaker,

the Eitel factors weigh in favor of entry of default judgment in this matter. See 2015 WL 12434306, at *3.

As to the first Eitel factor, if the pending motion were denied, Plaintiff would likely be without a remedy because absent a response from Defendant, Plaintiff cannot proceed. Absent entry of a default judgment, then, Plaintiff and the putative class members would be deprived of the remedies to which they are legally entitled. Id.

As to the second and third factors, Plaintiff's Complaint sufficiently states a claim based on Defendant's alleged violation of the TCPA, and with the factual allegations of the Complaint taken as true upon entry of default, Plaintiff's claims are not without merit. Compl. at ¶¶ 13-16.

Under the fourth Eitel factor, the Court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Eitel, 782 F.2d at 1471-72. In the present case, Plaintiff seeks $500 per call in violation of the TCPA, and $1500 per call for willful violations of the statute. Because Plaintiff seeks statutory damages, the Court deems them reasonable. See Whitaker, 2015 WL 12434306, at *3.

As to the fifth and sixth Eitel factors, Defendant has been given ample time to respond to the Complaint and to deny any of Plaintiff's allegations, yet Defendant has failed to do so. Thus, there has been no dispute concerning material facts, and this Court finds that Defendant's failure to answer did not result from excusable neglect. See Id. at *4.

Lastly, the Court considers the policy favoring decisions on the merits whenever reasonably possible. Eitel, 728 F.2d at 1472. Again, Defendant's failure to answer the Complaint or otherwise participate in this action makes a decision on the merits impractical, if not impossible. See Whitaker, 2015 WL 12434306, at *4. Thus, the seventh Eitel factor does not preclude the Court from entering default judgment against Defendant.

///

///

**CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion for Class Certification, ECF No. 7, is GRANTED and Plaintiff's Motion for Default Judgment, ECF No. 8, is GRANTED with respect to TCPA liability. This Court HOLDS IN ABEYANCE the issue of damages until after discovery has been conducted. The Court retains jurisdiction over this matter to assess damages and supplement this judgment with the appropriate damages amount at a later date, upon motion from Plaintiff. Plaintiff is further ordered to file a status report every sixty (60) days from the date of electronic filing of this order, updating the Court as to the status of the case and the composition of the class.

IT IS SO ORDERED.

Dated: August 2, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE