UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE CORTES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NATIONAL CREDIT ADJUSTERS, L.L.C.,<br><br>Defendant. | Case No. 2:16-cv-00823-MCE-EFB<br><br>**ORDER** |

1    Presently before the Court is Plaintiff's Motion for Approval of Notice Plan and to
2    Set Aside Default Judgment for Duration of Notice Period. ECF No. 15. After
3    consideration of Plaintiff's unopposed brief, the Court GRANTS the Motion.[1]

Within seven (7) days of electronic filing of this Order, Plaintiff shall cause a copy of the Post-Card notice to be sent by regular mail to all Class Members for whom CEG has identified mailing addresses. See Exhibit A to the Declaration of Yeremey Krivoshey (Post-Card Notice). RG2 shall update the addresses using the National Change of Address database before dissemination. RG2 shall also cause a copy of the long-form class notice to be posted on a dedicated website together with links to certain case documents, including but not limited to, the Court's Order granting Plaintiff's Motion for Class Certification, Plaintiff's Complaint, this Order, and any other order regarding notice that may be issued. See Exhibit B to the Declaration of Yeremey Krivoshey (Long-Form Notice). The Court approves the Long Form and Post Card notices, attached as Exhibits A and B to the Declaration of Yeremey Krivoshey.

The deadline for Class Members to request exclusion from the Class shall be sixty (60) days from the date that class notice is disseminated.

Further, the Court hereby modifies its August 2, 2017 Order (ECF No. 10) granting Plaintiff's Motion for Default Judgment as to liability and holds that judgment in abeyance for the duration of the sixty (60)-day notice period. On the date following the deadline for Class Members to request exclusion from the Class, the Court's August 2, 2017 Order granting Plaintiff's Motion for Default Judgment as to liability will again come into force as to all Class Members who do not timely request exclusion from the Class.

Lastly, the Court hereby modifies its August 2, 2017 Order (ECF No. 10) granting Plaintiff's Motion for Class Certification. The definition of the Certified Class shall be as follows, replacing the definition that appears in that August 2 Order:

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

ORDER
CASE NO. 2:16-CV-00823-MCE-EFB

1

All persons within the United States who (a) are current or former subscribers of the Call Management Applications; (b) and received one or more calls; (c) on his or her cellular telephone line; (d) made by or on behalf of Defendant; (e) for whom Defendant had no record of prior express written consent; (f) and such phone call was made with the use of an artificial or prerecorded voice or with the use of an automatic telephone dialing system as defined under the TCPA; (g) at any point that begins April 21, 2012 **until and including August 2, 2017**.[2]

IT IS SO ORDERED.

Dated: August 3, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] So the record is clear, the Court notes that because default has been entered, all allegations of the Complaint are taken as true. Moreover, certain information—such as whether Defendant obtained consent for the phone calls or whether Defendant used an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA—is in the sole possession of the defaulting defendant. As such, Plaintiff has met its burden of establishing that the individuals identified meet the above definition of the certified class. Defendant by its nonresponse has failed to rebut that finding.

ORDER
CASE NO. 2:16-CV-00823-MCE-EFB

2