**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Email:   ltfisher@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE CORTES, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>NATIONAL CREDIT ADJUSTERS, L.L.C.,<br><br>　　　　　　　　　　Defendant. | Case No. 2:16-cv-00823-MCE-EFB<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

AMENDED CLASS ACTION COMPLAINT

Plaintiff Mike Cortes ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

**NATURE OF THE ACTION**

1. Beginning in early 2016, National Credit Adjusters, L.L.C. ("NCA" or "Defendant") made at least 25 calls to Mr. Cortes on his cellular telephone using an autodialer and/or an artificial or prerecorded voice without his prior express consent. This barrage of calls occurred almost daily, and to make matters worse, occurred even after Mr. Cortes instructed Defendant to stop calling him.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their cellular telephones using an autodialer and/or artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3. Plaintiff further brings this action for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. Plaintiff alleges that Defendant engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

**PARTIES**

4. Plaintiff Mike Cortes is, and at all times mentioned herein was, a resident of Sacramento, California and a citizen of the State of California.

5. Defendant National Credit Adjusters, L.L.C., is a Kansas corporation with its principal place of business located in Hutchinson, Kansas. Defendant is a debt collector as defined by 15 U.S.C. § 1692a.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA. This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District. Defendant called Plaintiff's cellular telephone within this District and attempted to consumer debts, as alleged herein, within this District. Defendant is registered to conduct business within California with the California Secretary of State.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.     The Telephone Consumer Protection Act Of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

B. **Defendant's Robocalls to Plaintiff**

13. Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant. Plaintiff has never consented in writing, or otherwise, to receive autodialed or prerecorded telephone calls from Defendant. Plaintiff has never provided Defendant with his telephone number.

14. When Plaintiff answers calls from Defendant, he hears a pause or dead air, indicating use of an automatic telephone dialing system. While on some calls a live person would eventually connect, other calls consisted solely of prerecorded messages. On at least one of these calls, Plaintiff instructed Defendant to stop calling him at his cellular telephone number. But Defendant continued calling Plaintiff's cellular telephone after being instructed to stop. Some of Defendant's calls were placed before 8:00 a.m.

15. Defendant informed Plaintiff on such calls that it was attempting to collect a consumer debt that Plaintiff purportedly owned.

16. Defendant called Plaintiff using equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

**CLASS ACTION ALLEGATIONS**

17. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following "Robocall Class" definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of

AMENDED CLASS ACTION COMPLAINT                                         3

Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

19. Plaintiff also proposes the following "Autodialer Class" definition:

All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

20. Plaintiff also proposes the following "Do Not Call Class" definition:

All persons within the United States (a) whose phone number is listed on Defendant's do not call registry; (b) who received a phone call from Defendant; (c) after requesting to stop receiving calls from Defendant; and (d) such phone call was placed through the use of an automatic telephone dialing system to such persons' cellular telephone; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21. Plaintiff also proposed the following "FDCPA Class" definition:

All persons within the United States who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy someone, (b) calling at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

22. Plaintiff also proposes the following "Rosenthal Act Class" definition:

All persons within the State of California who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy someone, (b) calling at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

23. Plaintiff also proposes the following "Certified Class" definition, which was certified by the Court on August 3, 2018, defined as:

All persons within the United States who (a) are current or former subscribers of the Call Management Applications; (b) and received one or more calls; (c) on his or her cellular telephone line; (d) made by or on behalf of Defendant; (e) for whom Defendant had no record of prior express written consent; (f) and such phone call was made with the use of an artificial or prerecorded voice or with the use of an automatic telephone dialing system as defined under the TCPA; (g) at any point that begins April 21, 2012 until and including August 2, 2017.

24. Plaintiff also proposes the following "2016 California Class" definition:

AMENDED CLASS ACTION COMPLAINT 4

All persons (a) in California; (b) called by or on behalf of Defendant; (c) between January 1, 2016 through December 31, 2016; (d) regarding a purported debt owed; (e) using an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TPCA

25. Plaintiff represents, and is a member of, these proposed classes. Excluded from the proposed classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

26. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

27. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

28. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

29. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendant made telephone calls to class members using an automatic telephone dialing system;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant made harassing, oppressive, or abusive telephone calls;

    e. Whether Defendant is liable for damages, and the amount of such damages, and

   f. Whether Defendant should be enjoined from engaging in such conduct in the future.

30. As a person who received numerous and repeated calls on his telephone through the use of an autodialer and/or artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

31. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

32. A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA, the FDCPA, and Rosenthal Act.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA, FDCPA, and Rosenthal Act are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

33. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA, FDCPA, and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

37. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

38. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

41. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

43. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

**THIRD COUNT**
**VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, *et seq*.**

44.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45.     Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., including but not limited to 15 U.S.C. §§ 1692g(a), 1692d(5) and 1692c(a).

46.     As a result of Defendant's actions, Plaintiff and the classes are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq*.

**FOURTH COUNT**
**VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ.Code 1788, *et seq*.**

47.     Plaintiff incorporates by reference the foregoing paragraphs of his Complaint as if fully stated herein.

48.     The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

49.     Defendant also violated Cal. Civ. Code § 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq*. in all of its collection efforts.

50.     Therefore, Plaintiff and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

   a.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of damages as permitted by the Rosenthal Act and the FDCPA;

e. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

f. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

g. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  February 20, 2020                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Yeremey Krivoshey*
              Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
            ykrivoshey@bursor.com

AMENDED CLASS ACTION COMPLAINT                                                                                   9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*