1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                            **EASTERN DISTRICT OF CALIFORNIA**

10

11

12    MIKE CORTES, on Behalf of Himself and          Case No. 2:16-cv-00823-MCE-EFB
      all Others Similarly Situated,
13                                                    **FINAL ORDER APPROVING CLASS**
                         Plaintiff,                   **ACTION SETTLEMENT**
14
                         v.                           Judge:  Hon. Morrison C. England, Jr.
15
      NATIONAL CREDIT ADJUSTERS, L.L.C.,
16
                         Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

WHEREAS, the Parties have entered into the Class Action Settlement Agreement And Release, (collectively, the "Agreement"), filed with this Court on March 23, 2020, to settle *Cortes v. National Credit Adjusters, L.L.C.*, Case No. 2:16-cv-00823-MCE-EFB, pending in the United States District Court for the Eastern District of California (the "Action").

WHEREAS, by Order dated July 6, 2020 (the "Preliminary Approval Order"), this Court granted preliminary approval of the proposed class action settlement between the parties in the Action, ordering the dissemination of Class Notice to potential Settlement Class members, providing potential Settlement Class Members with an opportunity either to exclude themselves from the Class or to object to the proposed settlement, and issuing related Orders.

WHEREAS, the Court also preliminarily certified a Settlement Class, for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a Fairness Hearing to take place on October 29, 2020.

WHEREAS, the Court, having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. <u>Use of Capitalized Terms</u>.  Except where otherwise noted, all capitalized terms used in this Final Order Approving Class Action Settlement shall have the meanings attributed to them in the Agreement.

2. <u>Incorporation of Other Documents</u>.  This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Agreement, and definitions included therein, which was filed with this Court on March 23, 2020; (b) the briefs, affidavits, declarations, and other materials filed in support of the Settlement and Class Counsel's request for an award of Attorneys' Fees and Expenses; (c) the documents listed on the docket sheet or otherwise submitted to the Court; and (d) all prior proceedings in the Action.

3. <u>Jurisdiction</u>.  The Court has personal jurisdiction over the Parties, and because due, adequate, and practicable notice has been disseminated and all potential Settlement Class members have been given the opportunity to exclude themselves from or object to this

FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT

Settlement, the Court has personal jurisdiction over all Settlement Class Members (as defined below and in the Agreement).  The Court has subject matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the proposed Settlement and the Agreement, grant final certification of the Settlement Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, dismiss the Action on the merits and with prejudice, and issue related orders.  The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.      Final Class Certification for Settlement Purposes Only.  The Settlement Class preliminarily certified by this Court is hereby finally certified, for settlement purposes only, under Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and (c)(2), the Court finding that the Settlement Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process.  The Settlement Class shall consist of the following two subclasses:

(1) Certified Class: All persons within the United States who: (a) are current or former subscribers of the Call Management applications; (b) and received one or more calls; (c) on his or her cellular telephone line; (d) made by or on behalf of Defendant; (e) for whom Defendant had no record of prior express written consent; (f) and such phone call was made with the use of an artificial or prerecorded voice or with the use of an automatic telephone dialing system as defined under the TCPA; (g) at any point that begins April 21, 2012 until and including August 2, 2017; and

(2) 2016 California Class: All persons (a) in California; (b) called by or on behalf of Defendant; (c) between January 1, 2016 through December 31, 2016; (d) regarding a purported debt owed; (e) using an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA.

Specifically excluded from the Settlement Class are all persons who have filed a timely Request for Exclusion from the Class.

5.      Requests for Exclusion.  The Court finds that no Settlement Class Members have submitted timely and valid requests for exclusion from the Class, and, accordingly, all Settlement Class Members shall be bound by this Final Order and the accompanying Final Judgment.

6.      Adequacy of Representation.  The Court designates Plaintiff as representative of the Settlement Class, and finds that Plaintiff has adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.  The Court appoints the law firm of

Bursor & Fisher, P.A. as counsel for the Class ("Plaintiffs' Counsel" or "Class Counsel").  For purposes of these settlement approval proceedings only, the Court finds that Bursor & Fisher, P.A. are experienced and adequate Plaintiffs' Counsel.  Plaintiff and Plaintiffs' Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

7.     <u>Class Notice</u>.  The Court finds that the dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Claims Administrator's Declaration filed before the Fairness Hearing, a copy of which is incorporated herein and made a part hereof:

a.     constituted the best practicable notice to Settlement Class Members under the circumstances of the Action;

b.     constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this class action; (ii) the terms of the proposed Settlement; (iii) their rights under the proposed Settlement; (iv) their right to exclude themselves from the Class and the proposed Settlement; (v) their right to object to any aspect of the proposed Settlement (including, but not limited to, final certification of the Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Class' representation by Plaintiff or Plaintiffs' Counsel, and/or the award of attorneys' fees and expenses and representative awards); (vi) their right to appear at the Fairness Hearing—either on their own or through counsel hired at their own expense—if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Final Judgment in this Action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

c.     constituted notice that was reasonable, due, adequate, and sufficient to inform all persons and entities entitled to be provided with notice; and

d.     constituted notice that fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law, and that complied with the Federal Judicial Center's illustrative class action notices.

FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT

8.   <u>CAFA Notice</u>.  The Court finds that the Claims Administrator provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(d)) to comment or object to the proposed settlement before entering its Orders and Final Judgment, and no such objections or comments were received.

9.   <u>Final Settlement Approval</u>.  The terms and provisions of the Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, CAFA, the United States Constitution (including the Due Process Clause), and any other applicable law.

The Court finds that the Agreement is fair, adequate, and reasonable based on the following factors, among other things:

a.   There was no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of 13 months.  This included a mediation before Martin Quinn, Esq. of JAMS on January 18, 2019. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).

b.   The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a much shorter time frame than otherwise possible—on behalf of the Settlement Class.  *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where Plaintiffs' Counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned").  Based on the stage

FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT

1  of the proceedings and the amount of investigation and discovery completed, the parties had

2  developed a sufficient factual record to evaluate their chances of success at trial and the proposed

3  settlement.  In addition, the parties negotiated the benefits to the class *before* discussing

4  Plaintiff's claim to attorneys' fees.  *See In re Apple Deriv. Litig.*, No. 06-4128, 2008 U.S. Dist.

5  LEXIS 108195, at *11-12 (N.D. Cal. Nov. 5, 2008) (parties' negotiations free of collusion

6  because, among other things, the parties negotiated the benefits to the class before discussing

7  attorneys' fees); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, No. 07-1825,

8  2012 WL 5462665, at *2-3 (C.D. Cal. Nov. 7, 2012) (same).

9          c.      The support of Plaintiff's Counsel, who are highly skilled in class action

10  litigation such as this, and the Plaintiff, who has participated in this litigation and evaluated the

11  proposed settlement, also favors final approval.  *See Class Plaintiffs*, 955 F.2d at 1291;

12  *Fernandez v. Victoria Secret Stores, LLC*, No. 06-04149, 2008 WL 8150856, at *7 (C.D. Cal.

13  July 21, 2008); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

14          d.      The Settlement provides meaningful relief to the Class, including cash

15  relief and debt waiver, and certainly falls within the range of possible recoveries by the Class.

16          There are no timely or valid objections to the Settlement.  The Settlement is approved.

17  The Parties and Settlement Class Members are hereby directed to implement and consummate the

18  Agreement in accordance with its terms and provisions.  Plaintiff's Counsel shall take all steps

19  necessary and appropriate to provide Settlement Class Members with the benefits to which they

20  are entitled under the terms of the Agreement.

21          10.     Settlement Consideration.

22          a.      As described in the Agreement, Defendant shall create a $1,800,000 non-

23  reversionary settlement fund, which will be used to pay all attorney's fees, expenses and costs,

24  notice and administrative expenses, Plaintiff's service award, and pay cash awards to all

25  Settlement Class Members that could be identified.  After the deduction of attorney's fees,

26  expenses and costs, notice and administrative expenses, Plaintiff's service award, Settlement

27  Class Members shall receive the balance of $1,800,000 to be distributed on a *pro rata* basis.

28  Settlement Class Members who have an existing debtor account owned by NCA and/or its related

                                                5

or affiliated entities that has an outstanding balance shall have the entirety of the debt waived by Defendant.  The settlement fund shall be administered and implemented by RG/2 Claims Administration LLC under the terms set forth in the Agreement.

11.   Binding Effect.  The terms of the Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on the Parties and all Settlement Class Members, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that are encompassed by the Release set forth in the Agreement.

12.   Release.  The following Release, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Release:

a.   Upon the Effective Date, and in consideration of the Settlement relief described herein, the Plaintiff, Releasing Parties, and each of them, shall be deemed to have released, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished and discharged all Released Claims (as defined below) against the Released Parties. The release does not apply to Persons who timely opt-out of the Settlement.

b.   "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the TCPA, FDCPA and/or RFDCPA, and their application to the Released Parties' use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to contact or attempt to contact Settlement

FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT

Class Members in connection with NCA's attempt to collect on alleged debts owed, relevant regulatory or administrative promulgations and case law, any applicable Federal Communications Commission regulations or orders, or other such claims that were brought or could have been brought in the Action relating to telephone calls by the Released Parties, and any other federal or state statutory or common law claims arising from the use of automatic telephone dialing systems and/or an artificial or prerecorded voice to call cellular telephones. The Parties acknowledge and agree that the Release of Claims set forth herein does not release any claims held by the States or other governmental entities.

c.      "Unknown Claims" means claims that could have been raised in the Action and that Plaintiff, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties, or might affect his, her or its decision to agree, to object or not to object to the Settlement. Upon the Effective Date, Plaintiff, the Settlement Class, and the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiff, the Settlement Class, and the Releasing Parties acknowledge, or are deemed to have acknowledged, that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but that it is their intention to finally and forever

7

settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

13.     <u>Enforcement of Settlement</u>.  Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Agreement.

14.     <u>Attorneys' Fees and Expenses and Plaintiffs' Incentive Awards</u>.  The Court is concurrently issuing a separate Order with respect to Attorneys' Fees and Expenses and the Service Award to the representative Plaintiff, entitled Final Order Approving Attorneys' Fees, Expenses, and Service Award.

15.     <u>Modification of Settlement Agreement</u>.  The Parties are hereby authorized, without needing further approval from the Court, to agree to written amendments, modifications, or expansions of the Agreement and its implementing documents without further notice to the Class or approval by the Court if such changes are consistent with this Final Order and the accompanying Final Judgment and do not materially alter, reduce, or limit the rights of Class Members under the Agreement.

16.     <u>Retention of Jurisdiction</u>.  The Court has jurisdiction to enter this Final Order, the Final Order Approving Attorneys' Fees, Expenses, and Service Award, and the accompanying Final Judgment.  Without in any way affecting the finality of these Final Orders and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, and of these Final Orders and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation (*see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994)):

a.     enforcing the terms and conditions of the Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Agreement, this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Service Award, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Settlement Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final

FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT

Judgment; and whether persons or entities are enjoined from pursuing any claims against Defendant);

                b.        entering such additional Orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Service Award, the accompanying Final Judgment, and the Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against Defendant), or dismissing all claims on the merits and with prejudice, and permanently enjoining Settlement Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

                c.        entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as provided in the Agreement.

        17.    <u>No Admissions</u>.  Neither this Final Order, the accompanying Final Judgment, nor the Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against Defendant or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever or the propriety of class certification.

        18.    <u>Dismissal of Action</u>.  The Action (including all individual and Class claims presented therein) is hereby DISMISSED on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Final Order, the Final Order Approving Attorneys' Fees, Expenses, and Service Award, the accompanying Final Judgment, and the Agreement.

        19.    <u>Occurrence of Terminating Conditions.</u>  In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order, the Final Order Approving Attorneys' Fees, Expenses, and Service Award, and the accompanying Final

FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT

Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED.

Dated:  December 4, 2020

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

FINAL ORDER APPROVING CLASS
ACTION SETTLEMENT