UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE CORTES, on Behalf of Himself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, L.L.C.,<br><br>Defendant. | Case No. 2:16-cv-00823-MCE-EFB<br><br>**JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL ORDER APPROVING ATTORNEY'S FEES, EXPENSES, AND SERVICE AWARD**<br><br>Judge: Hon. Morrison C. England, Jr. |

Presently before the Court are (1) Plaintiff's Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Entry of Final Judgment, ECF No. 57, and (2) Plaintiff's Motion for Attorney's Fees, Expenses, and Service Award, ECF No. 58.  Defendant does not oppose the motions, there have been no objections to the Settlement by class members, and no class members have opted out.  ECF Nos. 61, 63.  The Court has reviewed all the pleadings.

IT IS HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The Settlement of *Cortes v. National Credit Adjusters, L.L.C.*, Case No. 2:16-cv-00823-MCE-EFB, pending in the United States District Court, Eastern District of California (the "Action"), on the terms set forth in the Parties' Class Action Settlement Agreement And Release (collectively, the "Agreement"), and definitions included therein, filed with this Court on March 23, 2020, is finally APPROVED.

2. The following Settlement Class is granted final certification, for settlement purposes only, under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), consisting of two subclasses:

(1) <u>Certified Class</u>: All persons within the United States who: (a) are current or former subscribers of the Call Management applications; (b) and received one or more calls; (c) on his or her cellular telephone line; (d) made by or on behalf of Defendant; (e) for whom Defendant had no record of prior express written consent; (f) and such phone call was made with the use of an artificial or prerecorded voice or with the use of an automatic telephone dialing system as defined under the TCPA; (g) at any point that begins April 21, 2012 until and including August 2, 2017; and

(2) <u>2016 California Class</u>: All persons (a) in California; (b) called by or on behalf of Defendant; (c) between January 1, 2016 through December 31, 2016; (d) regarding a purported debt owed; (e) using an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA.  Specifically excluded from the Class are all persons who have filed a timely Request for Exclusion from the Class.

3. The dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Claims Administrator's Declaration filed before the Fairness Hearing: (a) constituted the best practicable notice to Settlement Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement, and their rights under the Settlement, including, but not limited to, their right to object to any aspect of the proposed Settlement or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, and the binding effect of the Final Orders and this Final Judgment on all persons and entities who did not request exclusion from the Class; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. No Class Members have submitted timely and valid requests for exclusion from the Class and, accordingly, all Class Members are therefore bound by this Final Judgment and the Accompanying Final Order Approving Class Action Settlement.

5. The claims in the Action are DISMISSED on the merits and with prejudice pursuant to the terms (including the Release) set forth in the Parties' Agreement and in the Court's Final Order Approving Class Action Settlement and Final Order Approving Attorneys' Fees and Expenses and Service Award, without costs to any party except as provided in these Final Orders.

6. Plaintiff and Settlement Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with, Plaintiff or Settlement Class Members (including but not limited to the Releasing Parties), who have not been timely excluded from the Settlement Class are hereby permanently barred and enjoined from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative,

regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class action on behalf of Plaintiff or Settlement Class Members seeking to certify a class that includes Plaintiff or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.  Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

7. Class Counsel shall take all steps necessary and appropriate to provide Settlement Class Members with the benefits to which they are entitled under the terms of the Agreement and pursuant to the Orders of the Court.

8. Class Counsel shall be awarded $1,019,475.13 in attorneys' fees and $17,658.93 in costs and expenses, which amount is approved as fair and reasonable, in accordance with the terms of the Agreement.

9. Plaintiff Mike Cortes shall be awarded $2,000 as a Service Award in his individual capacity as representative Plaintiff in the Action.

10. The Court will retain continuing jurisdiction over the parties and the Action for the reasons and purposes set forth in this Final Judgment, the Final Order Approving Class Action Settlement, and the Final Order Approving Attorneys' Fees, Expenses, and Service Award. Without in any way affecting the finality of these Final Orders and/or this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Agreement and of these Final Orders and this Final Judgment, and for any other necessary purpose.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994).

IT IS SO ORDERED.

Dated:  December 4, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE