UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE CORTES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, L.L.C.,<br><br>Defendant. | No. 2:16-cv-00823-MCE-EFB<br><br>**ORDER** |

Plaintiff Mike Cortes ("Plaintiff") brought a class action lawsuit against Defendant National Credit Adjusters, L.L.C. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("Rosenthal Act").  On December 7, 2020, this Court granted final approval of the parties' class action settlement, which established a $1,800,000 non-reversionary settlement fund for the payment of individual class member awards, attorneys' fees and costs, administration costs, and a service award to the class representative.  See ECF No. 69.  Those funds have since been distributed but there remains $48,689.41 in unclaimed funds.  See Boub Decl., ECF No. 72-1 ¶¶ 4–9.  Presently before the Court is Plaintiff's Motion for Cy Pres Distribution of Residual

Settlement Funds, which seeks approval for the distribution of $48,689.41 in residual settlement funds to the parties' proposed cy pres recipient, Consumer Reports. ECF No. 72 ("Pl.'s Mot."). In response, Defendant filed a Statement of Non-Opposition. ECF No. 74. For the reasons set forth below, Plaintiff's Motion is GRANTED.[1]

"The cy pres doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." Nachshin v. AOL, LLC, 663 F.3d 1034, 1036 (9th Cir. 2011) (citing Six (6) Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1307–08 (9th Cir. 1990)). "Cy pres distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." Id. "Where, as here, the original settlement did not provide for the cy pres designee, nothing appears to prevent the plaintiff[] moving for such a designee in a separate motion." Four in One Co., Inc. v. SK Foods, L.P., No. 2:08-cv-3017 KJM JDP (consolidated cases), 2021 WL 4480737, at *2 (E.D. Cal. Sept. 30, 2021).

The Court finds Consumer Reports to be an appropriate cy pres beneficiary. Regarding the nature of the lawsuit, Plaintiff alleges that Defendant made numerous calls to his cell phone using an autodialer and/or artificial or prerecorded voice and that these calls were attempts to collect a consumer debt that Plaintiff purportedly owed. First Am. Compl., ECF No. 48 ¶¶ 1, 15. Plaintiff claims that he had no contact with Defendant prior to these phone calls, he did not consent to receive such phone calls, and that he never provided his phone number to Defendant. Id. ¶ 13. In selecting Consumer Reports as the cy pres beneficiary, Plaintiff cites its work "to protect consumers against invasions of their privacy and peace by phone and other telecommunications," and asserts that "Consumer Reports has worked to ensure compliance with the [TCPA] since its enactment in 1991." See Taylor Decl., ECF No. 72-2 ¶¶ 7–9 (declaration from Consumer Reports' Vice President and Chief Social

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

Impact Officer) ("[Consumer Reports] seeks to preserve consent and protect consumers from harassment, manipulation, and fraud on phones . . ."). For example, Consumer Reports' "campaign to End Robocalls—including advocacy, analysis, and a million signatures across multiple petitions—prompted the FCC [Federal Communications Commission] to rule that phone companies should provide free tools to stop robocalls before they reach consumers." Id. ¶ 8 (stating that Consumer Reports also "submitted comments to the FCC on robocall-mitigation technologies and consent requirements, testified before Congress, and challenged the TCPA loophole allowing robocalls by debt collectors."). Not only is Consumer Reports' advocacy related to Plaintiff's lawsuit, but it demonstrates "a clear connection between the aims of the statutes at issue in this litigation, including the TCPA, FDCPA, and the Rosenthal Act" and shows that Consumer Reports, a nationwide organization, represents the interests of the silent class members. Pl.'s Mot., at 5–6.

    Accordingly, Plaintiff's Motion for Cy Pres Distribution of Residual Settlement Funds, ECF No. 72, is GRANTED. The Court approves Consumer Reports as the cy pres recipient of the $48,689.42 in residual settlement funds.

    IT IS SO ORDERED.

Dated: October 6, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE